**ORIGINAL**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Gary J. Goodstein (SBN 166240)<br>Goodstein & Berman LLP<br>523 West Sixth Street, Suite 1228<br>Los Angeles, CA 90014<br>(213) 683-1908 (TELEPHONE)<br>(213) 683-4882 (FAX)<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Movant Robert Grey | **FILED**<br><br>**MAR 3 1 2010**<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br>Craig Randall and Jeanne Randall<br><br><br><br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 1:09-bk-25583-MT<br><br>DATE:<br>TIME:<br>CTRM: 302<br>FLOOR: 3rd |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
## (MOVANT: Robert Grey                                  )
### (Real Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**   ☐ **255 East Temple Street, Los Angeles**    ☐ **411 West Fourth Street, Santa Ana**
   ☒ **21041 Burbank Boulevard, Woodland Hills**    ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☐ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☒ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

      ☒ at the hearing    ☐ at least _____ court days before the hearing.

      (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

      (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

      (3) ☒ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                              **F 4001-1M.RP**

| Motion for Relief from Stay (Real Property) - *Page 2 of* ___ | | **F 4001-1M.RP** |
|---|---|---|
| In re                    (SHORT TITLE) | | CHAPTER: 7 |
| Craig Randall and Jeanne Randall | Debtor(s). | CASE NO.: 1:09-bk-25583-MT |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 3/31/10

Goodstein & Berman LLP
*Print Law Firm Name (if applicable)*

Gary Goodstein
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual/Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                          **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - Page 3 of ____  **F 4001-1M.RP**

| In re (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Craig Randall and Jeanne Randall        Debtor(s). | CASE NO.: 1:09-bk-25583-MT |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT: Robert Grey                                      )

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

    *Street Address:* 19863 Falcon Crest Way
    *Apartment/Suite No.:*
    *City, State, Zip Code:* Northridge, CA 91326

    Legal description or document recording number (including county of recording):

    ☒ See attached continuation page.

2. **Case History:**
    a. ☒ A voluntary  ☐ An involuntary  petition under Chapter  ☒ 7  ☐ 11  ☐ 12  ☐ 13
       was filed on *(specify date)*: 11/19/09
    b. ☐ An Order of Conversion to Chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
       was entered on *(specify date)*:
    c. ☐ Plan was confirmed on *(specify date)*:
    d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**
    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:
        (1) ☒ Movant's interest in the Property is not adequately protected.
            (a) ☐ Movant's interest in the collateral is not protected by an adequate equity cushion.
            (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
            (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
            (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.
        (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
            (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
            (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
            (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
            (d) ☐ Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                          **F 4001-1M.RP**

| Motion for Relief from Stay (Real Property) - *Page 4 of* ____ | **F 4001-1M.RP** |
|---|---|
| In re (SHORT TITLE)<br>Craig Randall and Jeanne Randall                            Debtor(s). | CHAPTER: 7<br>CASE NO.: 1:09-bk-25583-MT |

      (3) ☐ *(Chapter 12 or 13 cases only)*

          (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.

          (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

      (4) ☒ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

      (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    b. ☐ Other Declaration(s) are also attached in support of this Motion.

    c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

    d. ☐ Other evidence *(specify)*:

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒ Additional provisions requested:

    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☒ That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                                                                 **F 4001-1M.RP**

| Motion for Relief from Stay (Real Property) - *Page 5 of* ____ | **F 4001-1M.RP** |
|---|---|
| In re          (SHORT TITLE)<br>Craig Randall and Jeanne Randall                              Debtor(s). | CHAPTER: 7<br>CASE NO.: 1:09-bk-25583-MT |

    d. ☐ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 3/31/10                              Respectfully submitted,

                                                       Robert Grey
                                                       *Movant Name*

                                                       Goodstein & Berman LLP
                                                       *Firm Name of Attorney for Movant (if applicable)*

                                                       By: _____
                                                       *Signature*

                                                       Name:   Gary Goodstein
                                                       *Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                                                   **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 6 of* ____    **F 4001-1M.RP**

| In re (SHORT TITLE) Craig Randall and Jeanne Randall | Debtor(s). | CHAPTER: 7 CASE NO.: 1:09-bk-25583-MT |
|---|---|---|

## REAL PROPERTY DECLARATION
### (MOVANT: Robert Grey )

I, Robert Grey , declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   ☒ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☐ I am employed by Movant as *(state title and capacity)*:

   ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the Property that is the subject of this Motion is:

   Street Address: 19863 Falcon Crest Way
   Apartment/Suite No.:
   City, State, Zip Code: Northridge, CA 91326

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit 1 .

   ☒ See attached page.

4. Type of property *(check all applicable boxes)*:

   a. ☒ Debtor's(s') principal residence    b. ☐ Other single family residence
   c. ☐ Multi-unit residential              d. ☐ Commercial
   e. ☐ Industrial                          f. ☐ Vacant land
   g. ☐ Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1M.RP**

| Motion for Relief from Stay (Real Property) - *Page 7 of* ____ | **F 4001-1M.RP** |
|---|---|

| In re (SHORT TITLE)<br>Craig Randall and Jeanne Randall  Debtor(s). | CHAPTER: 7<br>CASE NO.: 1:09-bk-25583-MT |
|---|---|

5. Nature of Debtor's(s') interest in the Property:
   a. ☐ Sole owner
   b. ☐ Co-owner(s) *(specify)*:
   c. ☐ Lien holder *(specify)*:
   d. ☐ Other *(specify)*:
   e. ☒ Debtor(s)   ☐ did   ☒ did not   list the Property in the Schedules filed in this case.
   f. ☐ Debtor(s) acquired the interest in the Property by   ☐ grant deed   ☐ quitclaim deed   ☐ trust deed
      The deed was recorded on:

6. Amount of Movant's claim with respect to the Property:

   |   | | PREPETITION | POSTPETITION | TOTAL |
   |---|---|---|---|---|
   | a. | Principal: | $ 4,200.00 | $ 16,800.00 | $ 21,000.00 |
   | b. | Accrued Interest: | $ | $ | $ |
   | c. | Late Charges: | $ | $ | $ |
   | d. | Costs (Attorney's Fees, Other Costs): | $ 365.00 | $ | $ 365.00 |
   | f. | Advances (Property Taxes, Insurance): | $ 2,750.00 | $ | $ 2,750.00 |
   | g. | TOTAL CLAIM as of 3/31/10 : | $ | $ | $ 24,115.00 |

   h. ☐ Loan is all due and payable because it matured on *(specify date)*:

7. Movant holds a  ☐ deed of trust   ☐ judgment lien   ☐ other *(specify)*
   that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit _____.
   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit _____.
   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:

   a. Current interest rate:
   b. Contractual maturity date:
   c. Amount of current monthly payment: $
   d. Number of PREPETITION payments that have come due and were not made: _____. Total amount: $_____
   e. Number of POSTPETITION payments that have come due and were not made: _____. Total amount: $_____
   f. Date of POSTPETITION default:
   g. Last payment received on the following date:
   h. Notice of default recorded on the following date:
   i. Notice of sale recorded on the following date:
   j. Foreclosure sale originally scheduled for the following date:
   k. Foreclosure sale currently scheduled for the following date:
   l. Foreclosure sale already held on the following date:
   m. Trustee's deed on sale already recorded on the following date:
   n. Future payments due by time of anticipated hearing date *(if applicable)*:
      An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                      **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 8 of* ____    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Craig Randall and Jeanne Randall | Debtor(s). | CASE NO.: 1:09-bk-25583-MT |

10. ☐ *(Chapter 7 and 11 cases only)*: The fair market value of the entire Property is $_____, established by:
    a. ☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.
    b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.
    c. ☐ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit _____.
    d. ☐ Other *(specify)*:

11. ☐ The fair market value of the Property is declining based on/due to: _____
_____

12. ☐ **Calculation of equity in Property:**
    a. Based upon   ☐ preliminary title report   ☐ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

    |  | **Name of Holder** | **Amount as Scheduled by Debtor(s) (if any)** | **Amount Known to Declarant and Source** |
    |---|---|---|---|
    | 1st Deed of Trust: | | | |
    | 2nd Deed of Trust: | | | |
    | 3rd Deed of Trust: | | | |
    | Judgment Liens: | | | |
    | Taxes: | | | |
    | Other: | | | |
    | **TOTAL DEBT: $** | | | |

    b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____, and consists of:
        ☐ Preliminary title report
        ☐ Relevant portions of Debtor's(s') Schedules as filed in this case
        ☐ Other *(specify)*:

    c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $_____ (§ 362(d)(2)(A)).

    d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $_____ (§ 362(d)(1)).

    e. Estimated costs of sale: $_____   (Estimate based upon _____% of estimated gross sales price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

    a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
       Confirmation hearing currently scheduled for (or concluded on) the following date:
       Plan confirmed on the following date *(if applicable)*:

    b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

       (Number of) _____ payment(s) due at $_____ each = $_____
       (Number of) _____ payment(s) due at $_____ each = $_____
       (Number of) _____ late charge(s) at $_____ each = $_____
       (Number of) _____ late charge(s) at $_____ each = $_____

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                **F 4001-1M.RP**

| Motion for Relief from Stay (Real Property) - *Page 9 of* ____ | **F 4001-1M.RP** |
|---|---|
| In re (SHORT TITLE)<br>Craig Randall and Jeanne Randall                               Debtor(s). | CHAPTER: 7<br>CASE NO.: 1:09-bk-25583-MT |

    c.  Postpetition/preconfirmation advances or other charges due but unpaid:   $ _____
        (See attachment for details of type and amount.)

                            **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**  $ _____

    d.  Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

        *(Number of)* _____ payment(s) due at $_____ each = $_____
        *(Number of)* _____ payment(s) due at $_____ each = $_____
        *(Number of)* _____ late charge(s) at $_____ each = $_____
        *(Number of)* _____ late charge(s) at $_____ each = $_____

    e.  Postconfirmation advances or other charges due but unpaid:   $ _____
        (See attachment for details of type and amount.)

                            **TOTAL POSTCONFIRMATION DELINQUENCY:**  $ _____

    f.  ☐  The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

    g.  ☐  See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14.  ☐  Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15.  ☐  The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16.  ☐  See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17  ☐  The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

    a.  ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b.  ☐  Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:
        1.  Case Name:
            Case Number:                  Chapter:
            Date Filed:                      Date Dismissed:          Date Discharged:
            Relief from stay re this property  ☐ was  ☐ was not granted.
        2.  Case Name:
            Case Number:                  Chapter:
            Date Filed:                      Date Dismissed:          Date Discharged:
            Relief from stay re this property  ☐ was  ☐ was not granted.
        3.  ☐  See attached continuation page for more information about other bankruptcy cases affecting the Property.

    ☐  See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                                **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - Page 10 of ___   **F 4001-1M.RP**

| In re (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Craig Randall and Jeanne Randall         Debtor(s). | CASE NO.: 1:09-bk-25583-MT |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on March 31, 2010, at Los Angeles _____ (city, state).

Robert Grey_____         _____
*Print Declarant's Name*                    *Signature of Declarant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                  **F 4001-1M.RP**

| Motion for Relief from Stay (Real Property) - Page 11 of ____ | **F 4001-1M.RP** |
|---|---|

| In re                                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Craig Randall and Jeanne Randall | |
| Debtor(s). | CASE NO.: 1:09-bk-25583-MT |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Goodstein & Berman LLP
523 West Sixth Street, Suite 1228
Los Angeles, CA 90014

A true and correct copy of the foregoing document described as Notice of Motion and Motion for Relief from the Automatic Stay under 11 U.S.C. section 362(a) _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 3/31/10 _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:
UST: SAN FERNANDO VALLEY DIVISION  ustpregion16.wh.ecf@usdoj.gov
CHAPTER 7 TRUSTEE: Amy L. Goldman, stern@lbbslaw.com
DEBTOR'S ATTORNEY: David S. Hagen, go4broq@earthlink.net

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 3/31/10 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
DEBTORS ATTORNEY: David S. Hagen, 16830 Ventura Boulevard, Ste. 500, Encino, California 91436; HONORABLE BANKRUPTCY COURT JUDGE: United States Bankruptcy Court, Attention: Hon. Judge Maureen Tighe, 21041 Burbank Blvd., Woodland Hills, CA 91367; UST: Amy Goldman, 221 N. Figueroa St., Ste. 120, Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/31/10 | Monette Stevenson | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                                   **F 4001-1M.RP**

## Continuation Page Under Section 3.a(4) From Motion for Relief From The Automatic Stay

On or about March 26, 2008, Craig Randall and Jeanne Randall ("Debtors") entered into a written eight-year lease agreement in which they agreed to pay rent in the amount of at least $4200.00 per month payable on the first day of each month. A copy of the lease agreement is attached as Exhibit 2.

The Debtors have not made any rent payments since their last rent payment on October 1, 2009. The Debtors continue to reside on the Property despite not paying rent pursuant to the lease agreement. The Debtors have ignored requests to pay the back rent they owe. The Debtors have ignored requests to timely make all rent payments due on a going forward basis and/or immediately relinquish possession of the Property.

The Property is distressed and is currently in default with the lender, Chase Bank. Chase Bank is threatening foreclosure on the Property. The Debtors continuing occupancy of the Property without paying rent is singlehandedly impeding efforts to refinance the Property and save it from foreclosure. The Debtors have prevented appraisers from entering the Property to determine the fair market value of the Property. Relief from the automatic stay is warranted so that an unlawful detainer action on the Property can be commenced to save the Property from foreclosure.

Debtors' bankruptcy petition did not identify Robert Grey, owner of the Property, as a creditor, and Schedule G did not list the lease agreement. The Chapter 7 Trustee did not affirm the lease within 60 days of the filing of Debtors' bankruptcy petition.

# EXHIBIT 1

## LEGAL DESCRIPTION

The land referred to herein below is situated in the City of Los Angeles, County of Los Angeles, State of California and is described as follows:

Lot 131 of Tract No. 44607, Assessor's ID No. 2701-024-027 (commonly known as address 19863 Falcon Crest Way, Northridge, CA 91326)

# EXHIBIT 2



**CALIFORNIA ASSOCIATION OF REALTORS®**

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT**

ROBERT GREY AND/OR DONNA GREY _____ ("Landlord") and
CRAIG RANDALL AND/OR JEANNE RANDALL _____ ("Tenant") agree as follows:

1. **PROPERTY:**
   A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: 19863 FALCON CREST WAY, NORTHRIDGE, CA 91326 ("Premises").
   B. The following personal property is included: _____

2. **TERM:** The term begins on (date) 4-1-2008 ("Commencement Date"). (Check A or B):
   ☐ A. Month-to-month: and continues as a month-to-month tenancy. Either party may terminate the tenancy by giving written notice to the other at least 30 days prior to the intended termination date, subject to any applicable local laws. Such notice may be given on any date.
   ☒ B. Lease: and shall terminate on (date) 4-1-2016 at 12:01 AM/PM.
   Any holding over after the term of this Agreement expires, with Landlord's consent, shall create a month-to-month tenancy which either party may terminate as specified in paragraph 2A. Rent shall be at a rate equal to the rent for the immediately preceding month, unless otherwise notified by Landlord, payable in advance. All other terms and conditions of this Agreement shall remain in full force and effect.

3. **RENT:**
   A. Tenant agrees to pay rent at the rate of $ SEE ADDENDUM #4 per month for the term of the Agreement.
   B. Rent is payable in advance on the 1st ( or ☐ ____ ) day of each calendar month, and is delinquent on the next day.
   C. If Commencement Date falls on any day other than the first day of the month, rent shall be prorated based on a 30-day period. If Tenant has paid one full month's rent in advance of Commencement Date, rent for the second calendar month shall be prorated based on a 30-day period.
   D. PAYMENT: The rent shall be paid to (name) DIRECTLY TO MORTGAGE COMPANIES, PROPERTY TAX ASSESSMENTS OFFICES, HOA, ETC AS PER ADDENDUM, or at any other location specified by Landlord in writing to Tenant.

4. **SECURITY DEPOSIT:**
   A. Tenant agrees to pay $ -0- as a security deposit. Security deposit will be ☐ given to the Owner of the Premises; or ☐ held in Owner's Broker's trust account.
   B. All or any portion of the security deposit may be used, as reasonably necessary, to: (1) cure Tenant's default in payment of rent, Late Charges, NSF fees, or other sums due; (2) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or licensee of Tenant; (3) clean Premises, if necessary, upon termination of tenancy; and (4) replace or return personal property or appurtenances. **SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT.** If all or any portion of the security deposit is used during tenancy, Tenant agrees to reinstate the total security deposit within five days after written notice is delivered to Tenant. Within three weeks after Tenant vacates the Premises, Landlord shall (1) furnish Tenant an itemized statement indicating the amount of any security deposit received and the basis for its disposition, and (2) return any remaining portion of security deposit to Tenant.
   C. No interest will be paid on security deposit, unless required by local ordinance.
   D. If security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If security deposit is held in Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposits are released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for security deposit.

5. **MOVE-IN COSTS RECEIVED/DUE:** $5967.24

| Category | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from ____ to ____ (date) | | PAID IN FULL WITH CASH | | |
| *Security Deposit | | | | |
| Other utilities 1st + last pmts | 3967.24 | 3967.24 | -0- | 3-26-08 |
| Other Other Containment | 25,000.00 | 2,000.00 | 23,000.00 | 6-1-08 |
| Total | | 5967.24 | | |

*The maximum amount that Landlord may receive as security deposit, however designated, cannot exceed two month's rent for an unfurnished premises, and three month's rent for a furnished premises.

6. **PARKING:** (Check A or B)
   ☒ A. Parking is permitted as follows: ____
   The right to parking ☒ is, ☐ is not, included in the rent charged pursuant to paragraph 3. If not included in the rent, the parking rental fee shall be an additional $ ____ per month. Parking space(s) are to be used for parking operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of inoperable vehicles is not allowed in parking space(s) or elsewhere on the Premises.
   OR ☐ B. Parking is not permitted on the Premises.

7. **STORAGE:** (Check A or B)
   ☒ A. Storage is permitted as follows: ____
   The right to storage space ☒ is, ☐ is not, included in the rent charged pursuant to paragraph 3. If not included in rent, storage space shall be an additional $ ____ per month. Tenant shall store only personal property that Tenant owns, and shall not store property that is claimed by another or in which has any right, title, or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, or other inherently dangerous material.
   OR ☐ B. Storage is not permitted on the Premises.

8. **LATE CHARGE/NSF CHECKS:** Tenant acknowledges that either late payment of rent or issuance of a non-sufficient funds ("NSF") check may cause Landlord to incur costs and expenses, the exact amount of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of rent due from Tenant is not received by Landlord within 5 (or ☐ ____ ) calendar days after date due, or if a check is returned NSF, Tenant shall pay to Landlord, respectively, an additional sum of $ 400.00 as Late Charge and $25.00 as a NSF fee, either or both of which shall be deemed additional rent. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date rent is due under paragraph 3, or prevent Landlord from exercising any other rights and remedies under this Agreement, and as provided by law.

Tenant and Landlord acknowledge receipt of copy of this page, which constitutes Page 1 of 3 Pages.
Tenant's Initials (___)(___)    Landlord's Initials (___)(___)

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1994-1999, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

REVISED 4/99

OFFICE USE ONLY
Reviewed by Broker
or Designee ____
Date ____

PRINT DATE
R NOV 99                    LANDLORD'S COPY
RESIDENTIAL LEASE OR MONTH TO MONTH RENTAL AGREEMENT (L.R. 11 PAGE 1 OF 3)

Addendum to Lease dated April 1, 2008 between Robert and/or Donna Grey (Lessor) and Craig and/or Jeanne Randall (Lessee).

The following items are made part of and are incorporated into the lease referenced above:

1. Lessor grants to Lessee the exclusive right to purchase this property anytime before April 1, 2016 for an amount equal to the total of the 1st trust deed loan balance plus the 2nd trust deed loan balance at the time of the sale.

2. Lessor agrees to not sell the property prior to April 1, 2016 to any other party. Should Lessor sell the property to any other party prior to April 1, 2016 for any reason, other than due to default of Lessee (default as defined below), then Lessor agrees to owe to Lessee $50,000 plus the total costs of major improvements made by Lessee, such as the installation on the property of a swimming pool.

3. Lessor grants to Lessee the rights to make improvements to the property, such as, but not limited to: adding a swimming pool, water fall, spa, slide and/or diving board, patio cover and related landscaping.

4. Lessee agrees to make all payments for both the 1st trust deed and 2nd trust deed that become due effective April 1, 2008. It is understood that the current total monthly payments are approximately $4,000.00 per month for the combination of the 1st and 2nd trust deeds. It is also understood that the amounts will increase substantially in the future, approximately 4 years from now. However, Lessor agrees to make any payments necessary on the 1st and 2nd trust deeds, if necessary, to bring them current at March 31, 2008; and Lessor agrees to ~~due~~ DO this within 60 days.

5. Lessee agrees to make all property tax payments that become due after May 1, 2008. Lessor agrees to make all property tax payments that are in arrears within 6 months.

6. Lessee agrees to pay for any and all necessary maintenance and repairs on the property.

7. Lessee agrees to pay for any and all utilities and trash pickup charges.

8. Lessee agrees to pay for home owners association dues that become due after April 1, 2008. Lessor agrees to pay all home owners association dues that are in arrears within 6 months.

9. Lessee agrees to pay for property and liability insurance under Lessor's name.

10. Lessee agrees to pay an additional amount of $25,000.00 to Lessor within 60 days. This amount is being paid as consideration for the opportunity for the Lessee to purchase the home before April 1, 2016 at a probably lower than fair market value price equal to the 1st trust deed loan balance plus the 2nd trust deed loan balance at the time of purchase/sale. If for any reason the opportunity for Lessee to purchase the home under these conditions is not allowed, then this amount is due to Lessee from Lessor.

11. Default is defined to be "agreed upon (as indicated above) Lessee payments not paid on a timely manner and not cured within 90 days.

12. Lessor agrees to not further encumber the property with new and/or additional loans or trust deeds or any other encumbrances of any kind for any reason.

The above is understood and agreed to by all parties.

Lessor: _/s/ Robert Grey_    3/26/08    Lessee: _/s/ Craig Randall_    3-26-08
Robert Grey                date                Craig Randall                date

_/s/ Donna Grey_    3/26/08            _/s/ Jeanne Randall_    3-26-08
Donna Grey                date                Jeanne Randall                date

P.01/01

OCT-17-2008  16:00

2nd Addendum to Lease dated April 1, 2008 between Robert and/or Donna Grey (Lessor) and Craig and/or Jeanne Randall (Lessee).

As the 1st trust deed payment, payable by the Lessee, is substantially increasing on 10/1/08 which is much earlier than understood and disclosed per item 4 of the original Addendum to Lease signed on 3/26/08, the following items are made part of and are incorporated into the lease referenced above:

1.  Item 10 of the original Addendum to Lease signed on 3/26/08 is replaced in its entirety with for following: "Lessee agrees to pay an additional amount of $4,000 to Lessor. This amount is being paid by Lessee so that Lessee has the exclusive option to purchase this home at 19863 Falcon Crest Way, Northridge/Porter Ranch, Ca 91326 from Lessor at any time before April 1, 2016 for an amount equal to the sum of the balances of the existing 1st trust deed and 2nd trust deed loans at the time of the purchase/sale, whether the home appraises for more or less than such amount. Whether or not to exercise this option and when the option is exercised is Lessee's sole decision." Lessee has already paid the $4,000 for this option to Lessor, thus the option to buy the home is now fully exercisable by the Lessee.

2.  Item 3 "Rent", sub-item A of the original lease is corrected as follows: Where it was written in "SEE ADDENDUM #4", it is replaced with "SEE ADDENDUM ITEM #4".

3.  Item 1 "Property" sub-item B of the original lease is corrected as follows: Where there was nothing written in as included personal property, it is replaced with "spa, swing/play set, and any and all other personal property that was left by Lessor on the real property at 19863 Falcon Crest Way, Northridge, CA 91326".

4.  It is agreed that the fee of $250 per month to be paid by Lessee to Lessor for purchase of the spa is waived, and the spa is now part of the leased premises at no additional charge. It is also agreed that should Lessee exercise its right to purchase the home, then the spa, the swing/play set and all other personal property that was left by Lessor is considered part of the purchase and is considered already included in the price as set forth in item 10 of the original Addendum to Lease signed on 3/26/08. However, if a new pool is installed during the time of this Lease, and if the new pool includes a built-in spa, then the current above ground spa will be removed by Lessor at Lessor's sole cost within 30 days after the financial and contractual approval of a new pool, and will remain as property of the Lessor and will not be considered as part of the leased premises nor will it be considered as part of the optional purchase of the home.

5.  Lessee has a desire to have a pool at this property. Lessor agrees to make every reasonable effort immediately to obtain the financing in Lessor's name in order to have such a pool built at this property. Pool location and design including materials will be mutually agreed upon by Lessor and Lessee. Lessee will make all payments for this pool and related leasehold/landscaping improvements, and such payments will be considered an agreed upon increase in the lease amount. Lessor will retain ownership of the pool and related leasehold/landscaping improvements. It is also agreed that should Lessee exercise its right to purchase the home, then the pool and related leasehold/landscaping improvements will be considered part of the purchase and will be considered already included in the price as set forth in item 10 of the original Addendum to Lease signed on 3/26/08. It is understood that the financing for this pool and related leasehold/landscaping improvements might be a 3rd trust deed on this property. Actual agreements to start construction of the pool and signing of related financing will occur only if and immediately after Lessee has made the first 3 monthly 1st trust deed payments at the new monthly amount along with making the corresponding next 3 monthly 2nd trust deed payments.

6.  Lessor agrees to add Lessee to the title of this property at 19863 Falcon Crest Way, Northridge, CA 91326 on or before March 31, 2016. The exact date of which will be Lessee's choosing. It is agreed that no other parties will be added to the title at any time.

The above is understood and agreed to by all parties.

Lessor:                                    Lessee:

_____ 10/20/08    _____
Robert Grey          date      Craig Randall         date

_____ 10/20/08    _____
Donna Grey          date       Jeanne Randall        date

TOTAL P.01